```
              UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                      RALEIGH DIVISION
```

```
IN RE:                                        CASE NO.

FURNITURE LIQUIDATION                         05-02203-5-ATS
WAREHOUSE, INC.

      DEBTOR
```

### ORDER ALLOWING MOTION TO EXTEND TIME

The matter before the court is the debtor's motion to extend time to assume or reject the lease of its warehouse premises at 2114 Atlantic Avenue, Suite 160, in Raleigh, North Carolina. A hearing took place in Raleigh, North Carolina on August 11, 2005.

Furniture Liquidation Warehouse, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on May 25, 2005. On the same day, the debtor filed an emergency motion to conduct a going-out-of-business sale, which set forth the debtor's plan to liquidate its assets by October 2005. The court allowed the motion on June 13, 2005, and approved an agreement between the debtor and a furniture liquidation company to conduct the sale. The debtor leases its warehouse premises at 2114 Atlantic Avenue, Suite 160, from Parker-Raleigh Development XXVI, LP. On July 11, 2005, the debtor filed the instant motion to extend the time to assume or reject its warehouse lease with Parker Raleigh until the sale is complete, and on July 27, 2005, Parker Raleigh filed an objection.

The debtor has two store locations and the furniture warehouse that is the subject of the lease at issue. While it conducts its going-out-of-business sale, the debtor is maintaining inventory in the warehouse. It contends that it needs to remain in the warehouse property until the sale is complete, and that if it is required to vacate the property early, the sale will fail. If the sale is allowed to run its course through October 2005, the debtor predicts that there will be some distribution to unsecured creditors. If the sale is cut short, it is possible that the debtor will have insufficient assets to pay even administrative costs.

Parker Raleigh's primary objection is that the motion to extend time contends that the debtor needs additional time to "determine" whether to assume or reject the lease, while the debtor actually knows that it will reject the lease and simply wants more time to do so. Parker Raleigh is not opposed in principle to the debtor's remaining in the premises until the sale is complete, except that Parker Raleigh wants the flexibility to terminate the debtor's tenancy if it finds a new tenant who wishes to occupy the premises prior to mid-October 2005. In addition, Parker Raleigh contends that the lease has already been deemed rejected by operation of 11 U.S.C. § 365(d)(4).

In response to Parker Raleigh's objection, the debtor contends that the landlord received notice of the debtor's motion to conduct a going-out-of-business sale and the related order, both of which set

forth the time line for the sale (through October 2005) and clearly contemplated that the debtor would remain in the premises for the duration of the sale.  Parker Raleigh did not object to either the motion or the order, and as a result, the debtor contends, Parker Raleigh should be precluded from any effort to dispossess the debtor of the premises prior to October 2005.

    The court will first dispose of the technical argument advanced by Parker Raleigh that the lease has been deemed rejected by § 365(d)(4).  That section provides that if the debtor in possession does not assume or reject an unexpired lease of nonresidential real property within 60 days after the order for relief, "or within such additional time as the court, for cause, within such 60-day period, fixes," then the lease is deemed rejected.  A literal reading of the statute requires the court to enter an order extending the time prior to the expiration of the 60 days from the order for relief.  The majority of courts, however, have held that the court can extend the time outside of the 60 days if the motion is filed before the 60 days expires.  See In re Wedtech Corp., 72 B.R. 464, 468-471 (Bankr. S.D.N.Y. 1987).  This has been the practice of this court, and the policy implications discussed in Wedtech are persuasive.  Consequently, the court concludes that because the motion was filed only 47 days after the order for relief, the lease is not deemed rejected by operation of § 365(d)(4).

3

The next question is whether "cause" exists to extend the time for the debtor to assume or reject the lease.  Though the "cause" advanced in the motion is that the debtor needs additional time to decide whether to assume or reject the lease, the real "cause" is that the debtor needs possession of the property for additional time to complete its sale.  In cases in which a debtor knows from the outset that it will be liquidating its assets, it also knows that it will ultimately reject its commercial leases.  "Where liquidation is the only alternative for a debtor . . . , the Court should determine whether the extension will result in a benefit to the estate that outweighs the detriment to the landlords affected by the extension." In re Ernst Home Center, Inc., 209 B.R. 974, 981 (Bankr. W.D. Wash. 1997).

The debtor needs to maintain the warehouse premises through the term of its going-out-of-business sale in order to conduct the sale.  If the sale continues through October 2005, it is expected that there will be a distribution to unsecured creditors.  If the sale is halted, there may be insufficient funds to pay administrative and priority creditors, and additional claims could be advanced against the debtor for breach of its contract with the furniture liquidation company conducting the sale.  On the other hand, the debtor is current with its rent to Parker Raleigh and intends to remain current until the lease is rejected.  Thus, the only detriment to the landlord is the possibility that it could obtain a long-term replacement tenant that wishes to take

possession prior to mid-October 2005. The court can alleviate that detriment by considering a motion to compel rejection on an expedited basis if the landlord does find a new tenant. Consequently, the benefit to the estate outweighs the detriment to the landlord in this case, and the extension of time will be allowed.

Finally, the court has carefully reviewed the file in this case, and it does not appear from the court record that Parker Raleigh received the motion to conduct a going-out-of-business sale, notice of that motion, or the order allowing the motion. Indeed, the court's record does not reflect that Parker Raleigh received any notice in this case until the instant motion was filed. It may be that the debtor advised Parker Raleigh of the proceedings, but there is nothing before the court to confirm that Parker Raleigh had any earlier opportunity to object to the debtor's plans to remain in the premises through mid-October. Accordingly, Parker Raleigh will not be penalized for its failure to object to the motion or order regarding the going-out-of-business sale and their effect on its lease.

Based on the foregoing, the debtor's motion to extend time to assume or reject its lease with Parker Raleigh is **ALLOWED**. The debtor must file its assumption or rejection by **Tuesday, October 31, 2005**. If Parker Raleigh finds a replacement tenant that wishes to occupy the premises before the debtor completes its

5

sale, the court will consider a motion to compel rejection of the lease on an expedited basis.

**SO ORDERED.**

**DATED:  August 19, 2005**

A. Thomas Small
United States Bankruptcy Judge