```
            UNITED STATES BANKRUPTCY COURT
            EASTERN DISTRICT OF NORTH CAROLINA
                   RALEIGH DIVISION
```

IN RE:                                              CASE NO.

FURNITURE LIQUIDATION                               05-02203-5-ATS
WAREHOUSE, INC.

      DEBTOR

### ORDER REGARDING MOTION FOR RELIEF FROM STAY
### AND DETERMINING PRIORITY OF LIENS

The matter before the court is the motion for relief from the automatic stay filed by First-Citizens Bank & Trust Company. A hearing took place in Raleigh, North Carolina on September 28, 2005.

Furniture Liquidation Warehouse, Inc. filed a petition for relief under chapter 11 of the Bankruptcy Code on May 25, 2005. First Citizens and CIT Small Business Lending Corporation assert liens on the debtor's cash collateral, among other assets. On June 14, 2005, the debtor, First Citizens, and CIT entered a stipulated order regarding the debtor's use of cash collateral. The stipulated order provided that the debtor would provide First Citizens a continuing postpetition lien to the extent of the use of cash collateral, and that the debtor would continue to make timely payments to First Citizens as called for in the note. In addition, the stipulated order required the debtor to provide copies to First Citizens of reports and information regarding the progress of the sale of the debtor's assets. The debtor has made no payments to First Citizens, nor has it provided any reports

or information on the sale progress.  Accordingly, First Citizens requests relief from the automatic stay to pursue its remedies under the note.

CIT opposes First Citizens' motion, contending that First Citizens does not have a perfected security interest and CIT's lien on the cash collateral has priority over any claim of First Citizens.  CIT further contends that there will be insufficient funds to pay CIT after the sale is complete, and First Citizens ultimately will not be entitled to any distribution.  The debtor filed a response asking for a hearing, and generally supports CIT's objection.

The debtor failed to comply with the terms of the stipulated order, and relief from the automatic stay is appropriate.  However, no distribution should be made at this time.  The debtor is no longer using its cash collateral, and the secured parties' positions are not at risk.  The debtor's sale of assets will be complete in a few days, and it will soon be clear what funds will be available for distribution to creditors.

The court now turns to the issue of CIT and First Citizens' relative priority.  The parties agreed that all necessary information is before the court to make this determination.

The debtor entered into a Commercial Security Agreement with First Citizens Bank on November 26, 2002.  First Citizens Bank filed a UCC Financing Statement with the North Carolina Secretary of State on

2

December 2, 2002.  The debtor's name appears on both the Commercial Security Agreement and the UCC Financing Statement as "Furniture *Liquidations* Warehouse, Inc." (emphasis added).  The debtor's legal name as filed with the North Carolina Secretary of State on September 30, 1999, was "Furniture Liquidation Warehouse, Inc."

CIT received a Search Report from Unisearch, Inc. dated October 28, 2004, indicating that all indices, including the index for UCC Financing Statements, were clear.  CIT filed a UCC Financing Statement with the North Carolina Secretary of State on November 17, 2004.  Counsel for CIT submitted an information request to the North Carolina Secretary of State for all UCC Filings made through June 9, 2005, naming Furniture Liquidation Warehouse, Inc. as the debtor.  The search results included only the CIT UCC Financing Statement filed on November 17, 2004.

According to North Carolina General Statute § 25-9-310(a), the general rule is that a financing statement must be filed to perfect all security interests.  The exceptions in North Carolina General Statute § 25-9-310(b) do not apply.  A financing statement is sufficient only if it provides the name of the debtor, name of the secured party or a representative of the secured party, and indicates the collateral covered by the financing statement. N.C. Gen. Stat. § 25-9-502(a).  If the debtor is a registered organization, a financing statement sufficiently provides the name of the debtor only if the financing

3

statement provides the name of the debtor indicated on the public record of the debtor's jurisdiction of organization that shows the debtor to have been organized.  N.C. Gen. Stat. § 25-9-503(a)(1).

According to North Carolina General Statute § 25-9-506(b), a financing statement that fails sufficiently to provide the name of the debtor in accordance with North Carolina General Statutes § 25-9-503(a) is seriously misleading.  "If a search of the records of the filing office under the debtor's correct name, using the filing office's standard search logic, if any, would disclose a financing statement that fails sufficiently to provide the name of the debtor in accordance with G.S. 25-9-503(a), the name provided does not make the financing statement seriously misleading."  N.C. Gen. Stat. § 25-9-506(c).

Official Comment 2 to North Carolina General Statutes § 25-9-506 provides that a financing statement that is seriously misleading under this section is ineffective even if it is disclosed by using a search logic other than that of the filing office to search the official records, or using the filing office's standard search logic to search a database other than that of the filing office.

Although First Citizens filed a UCC Financing Statement, it used a debtor name that was not the debtor's legal name as provided in the public record.  As such, the filed financing statement is seriously misleading.  Because a search of the records of the filing office of the debtor's legal name did not disclose First Citizens's filing

4

statement, that filing statement is ineffective.  If a financing statement is ineffective, then the security interest is not perfected.

According to North Carolina General Statute § 25-9-322(a)(2), a perfected security interest has priority over a conflicting unperfected security interest.  Therefore, CIT's security interest takes priority over First Citizens's security interest, and First Citizens is not entitled to any distribution, if at all, until CIT's lien has been paid. Whether First Citizens has a security interest that is enforceable against the debtor is not presently before the court.

Based on the foregoing, the motion for relief from the automatic stay is **ALLOWED**; however, no distribution is to be made to First Citizens until further order of the court.

**SO ORDERED.**

**DATED:  September 30, 2005**

*A. Thomas Small*
A. Thomas Small
United States Bankruptcy Judge